# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE CZECH REPUBLIC ) | |
| IN THE MATTER OF ) | Misc. No. 06- |
| NESTERA, ET AL ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Czech Republic. The translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Czech authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Czech authorities seek information from a corporation that resides in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part

> the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989). The letter of request in this case shows that the information sought is for use in such proceedings in Poland and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91

(D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte,* and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE,** the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                              Respectfully submitted,

                              COLM F. CONNOLLY
                              United States Attorney

BY: /s/ Richard G. Andrews
      Richard G. Andrews
      Assistant U.S. Attorney
      Delaware Bar I.D. No.2199
      1007 N. Orange Street
      Wilmington, DE   19801
      (302) 573-6277

Dated: 3/30/06




**Supreme Public Prosecutor's Office of the Czech Republic**
International Affairs Department
Section of Legal Assistance in Criminal Matters

| | | |
|---|---|---|
| Jezuitská 4, | 660 55, Brno, | the Czech Republic |
| tel.: + 420 / 5 / 4251 2111 | | fax: + 420 / 5 / 4251 2350 |
| email: krol@nsz.brn.justice.cz | Responsible: Danuta Koné Król | |

Our Ref. No.: 2 NZn 491/2005

In Brno, October 24th, 2005

**United States Department of Justice**
**Office of International Affairs**
**Criminal Division**
10th and Constitution Ave., NW
Keeney Building
Washington, DC 20530
**USA**

In re: **The Accused Alexandr Nestěra and Others** - Request for Legal Assistance in Criminal Matters

Enclosure: 2x The Request of the City Public Prosecutor's Office in Prague with Enclosures

  Referring to the Treaty between the USA and the Czech Republic on Mutual Assistance in Criminal Matters Supreme Public Prosecutor's Office forwards to your authority the attached request of the City Public Prosecutor's Office in Prague and asks you to execute it.

  Details of the requested legal assistance and of the criminal matter itself have been specified in the attached request of the local prosecution service.

  Thank you for your co-operation.

  Yours faithfully

JUDr. Světlana Kloučková, Ph.D.
Director of International Affairs Department
represented by JUDr. Drahomíra Lojdová



Czech national coat-of-arms

# Metropolitan Prosecuting Attorney's Office

### Department of Economic Criminality
Náměstí 14. října 2188/9, 150 00 Prague 5, Czech Republic
Telephone: +420 (2)257111611, fax: +420(2)257111682

---

File number: 1 KZV 133/2004                                  In Prague on September 16, 2005

**Prosecuting Attorney's Office**

**having jurisdiction for the city of Wilmington**

**United States of America**

**Re: the accused Alexandr Nestěra and others – request for legal assistance**

Appendices:   - verified photocopy of the check number ▓▓▓▓▓ for the amount of 836,900 USD
- verified copy of the request of the Prosecuting Attorney of the Metropolitan Prosecuting Attorney's Office from August 30, 2004, addressed to the Československá obchodní banka (Czechoslovak Commercial Bank) in Prague,
- verified copy of a written statement of the Československá obchodní banka in Prague together with a verified copy of the report of Wachovia Bank of Delaware, N.A.

With reference to the Treaty between the Czech Republic and the United States of America on the Mutual Legal Assistance, signed on the day of February 4, 1998 in Washington, I would like to ask herewith for providing legal assistance in the following criminal case.

The police commissioner of the Police of the Czech Republic, Administration of the Capital City of Prague, Service of the Criminal Police and Investigation, Department of Economic Criminality, with its seat in Prague 1, Krakovská 14, conducts a criminal prosecution under the file number ČTS: PSP-2100/OHK-2004, pursuant to § 160, Art. 1 of the Rules of Criminal Procedure of the Czech Republic, against the accused:

**Alexandr NESTĚRA**, born on ▇▇▇▇▇ in Prague, living in Prague 4 – Háje, Staňkova 884/4,

**Jakub DOLEŽAL**, born on ▇▇▇▇▇ in Prague, living in Prague 10 – Vršovice, Estonská 417/7,

**Světlana KLÍMOVÁ**, born on ▇▇▇▇▇ in Strakonice, living in Písek, Erbenova 1811,

**Miloš LUKA**, born on ▇▇▇▇▇ in Prague, living in Prague 3 – Žižkov, Žerotínova 1850/60

**Zdeněk JEŽEK**, born on ▇▇▇▇▇ in Liberec, living in Prague 1 – Nové Město, Navrátilova 1559/9

**for the attempted crime of fraud pursuant to § 8 Art. 1 of the Criminal Law for § 250, Art. 1 and Art. 4 of the Criminal Law,**

**which they allegedly committed together as follows:**

Alexandr Nestěra, Jakub Doležal, Světlana Klímová, Miloš Luka and Zdeněk Ježek acted after a previous mutual agreement in such a manner that Alexandr Nestěra, acting as the deputy chairman of the Board of Directors of Cihelna Sedlčany, a stock corporation with its registered seat in Sedlčany, K Cihelně 639, district Příbram, identification number: ▇▇▇▇▇ and Jakub Doležal, acting as a representative of this company, attempted on the day of August 27, 2003 in Prague to hand over a check number ▇▇▇▇▇ for the amount of 826,900 USD (American Dollars), drawn in Prague, pre-dated for December 20, 2007 to order of the bearer, the drawer of the check being PRISMA LIMITED 31-31 Saumarez St., St. Peter Port, GY1 2PU Guernesey, C.I., the payor Wachovia Bank of Delaware – USA, bearing the seal of the check drawer and the signature, stating the person acting for the check drawer – Zdeněk Ježek, to the representative of a Swiss company Promenco S.A., Valery Usaty (transcription of the name from Cyrillic alphabet), announcing that this was a due performance resulting from the "Mixed Contract of the Special Purpose Loan and Contract of the Future Pledge Contract", dated on the day of December 13, 2000, on the basis of which the creditor Promenco S.A. provided the debtor Cihelna Sedlčany, a stock company, with a loan amounting to 800,000 USD (without interest) and by such conduct they misled Valery Usaty since the check had been worthless and would not be honored when presented before the date of drawing and would not be honored when presented on the day of drawing on December 20, 2007 or soon after this date as there are too many discrepancies and faults for the bank to consider it to be a due check. The circumstances under which the check was drawn and the purpose of its utilization were known to other persons, such as Světlana Klímová, Miloš Luka, and Zdeněk Ježek who made out the check when being requested to do so by Miloš Luka, handed it over to Světlana Klímová, who handed the check over to Jakub Doležal. Furthermore, with a "Mixed Contract of Providing the Funds, of Work and Supplies with the Right to Exclusive Taking", registration number ▇▇▇▇▇ dated on the day of August 21, 2003, concluded between the Cihelna Sedlčany, a stock company, represented by the representative Jakub Doležal, and Parador intermedia – limited liability company, represented by the acting secretary Světlana Klímová and the representative of this company, Miloš Luka, who ensured the working out of the given Contract, and furthermore, with the "Contract of Concluding a Future Contract on Direct Investment", dated on the day of August 26, 2003, concluded between Parador intermedia – limited liability company, represented by Světlana

Klímová, and company PRISMA LIMITED, represented by Zdeněk Ježek, they attempted to create an impression that the check shall be cashed after presentation on the day of its drawing, even though there were no funds amounting to 826,900 USD for paying the check and it is highly improbable that they would be amassed by December 20, 2007, simultaneously, all the persons must have known that the stock company Cihelna Sedlčany shall not provide any funds to pay the worthless check in question under the conditions, resulting from the "Mixed Contract of Providing the Funds, of Work and Supplies with the Right to Exclusive Taking", and that the Board of Directors of the company shall refuse to provide performance resulting from this contract in its whole extent, thus they acted with the intention to enrich the company Parador intermedia, limited liability company, with the amount of 826,900 USD to the prejudice of the company Promenco S.A. with its registered seat in Fribourg, Boulevard de Pérolles 55, c/o Fiduconsult and Jeckelmann SA, Switzerland, and to cause damage to this company amounting to 826,900 USD (American Dollars) which, after conversion, represents the amount of 24,706,945 Czech crowns (CZK). However, Valery Usaty refused to take over the above described check.

The Appendix to the Request for legal assistance includes a verified photocopy of the check in question which was made from the materials, included in the investigation file. Furthermore, the Appendices also include a verified copy of the Request of the Prosecuting Attorney of the Metropolitan Prosecuting Attorney's Office in Prague, which requests information concerning the check in question from the Československá obchodní banka (Czechoslovak Commercial Bank) – a stock company, also concerning the inter-banking contact. The final part of the Appendices includes a verified copy of the answer which the Československá obchodní banka (Czechoslovak Commercial Bank) – a stock company, received from Wachovia Bank of Delaware as the reply to the enquiry which had been made on the basis of the above mentioned request of the Prosecuting Attorney.

To duly and completely clarify this criminal case, it is necessary to provide, via this request for legal assistance, a **written statement** of the bank institution **Wachovia Bank Of Delaware, N.A., 920 King Street, Wilmington, DE 19801-3361, USA** concerning the check in question, the verified copy of which is included in the Appendix. Therefore I would like to ask to request for the purposes of these criminal proceedings from Wachovia Bank Of Delaware, N.A., 920 King Street, Wilmington, DE 19801-3361, USA, a detailed **written report** containing a written statement of the above mentioned bank concerning the following enquiries:

1. If this bank knows about the existence of the enclosed check number *10075348*, drawer PRISMA LIMITED, 31-31 Saumarez St., St. Peter Port, GY1 2PU Guernesey, C.I., drawn in Prague with the date of December 20, 2007, amounting to 826,900 American Dollars (USD), where Wachovia Bank Of Delaware N.A., 920 King Street, Wilmington, DE 19801-3361, USA is stated as the payor?

2. If the enclosed check includes all essential elements both concerning its form and contents so that Wachovia Bank Of Delaware could consider it to be a due payment document? It shall be necessary to identify specifically the possible faults or insufficiencies.

3. If and who opened a suitable account in Wachovia Bank Of Delaware to cash the check in question from such an account or if there was any meeting with the bank concerning the opening of such an account, if so, when and with whom? If there is such an account, I request to be provided with a list of payments to and from this account, covering the

period from the day of its opening up to the present day, and, furthermore, to be provided with the data concerning the persons who had possibly the right of disposition for this account.

4. Under what circumstances and when would the check in question be cashed and would it be cashed at all? It would be suitable to state if the possible cashing or non-cashing of the check could be influenced by (and in what manner):

    - presenting the check for cashing in the European or American region, regarding the differences in the legal systems;
    - presenting the check in the time period from August 27, 2003 through December 20, 2007;
    - presenting the check in the time period following December 20, 2007?

5. If, where and when could the check in question be cashed and by whom?

6. If in the past or in the present the bank has been in touch with any of the below stated Czech citizens and what such a contact concerned and if any of these persons has opened an account in the bank? If there is such an account, I request to be provided with a list of payments to and from this account, covering the period from the day of its opening up to the present day, and, furthermore, to be provided with the data concerning the persons who had possibly the right of disposition for this account. It concerns the following persons:

   Alexandr Nestěra, born on ▇▇▇
   Jakub Doležal, born on ▇▇▇
   Světlana Klímová, born on ▇▇▇
   Miloš Luka, born on ▇▇▇
   Zdeněk Ježek, born on ▇▇▇
   Jiří Doležal, born on ▇▇▇

7. If in the past or in the present the bank has been in touch with the company PRISMA LIMITED, 31-31 Saumarez St., St. Peter Port, GY1 2PU Guernesey, C.I and what such a possible contact concerned and if this company has opened an account in the bank? If there is such an account, I request to be provided with a list of payments to and from this account, covering the period from the day of its opening up to the present day, and, furthermore, to be provided with the data concerning the persons who had possibly the right of disposition for this account.

8. If possible, other facts can be stated that are in relation to the case and could be of importance for these criminal proceedings.

**The requested report of the bank shall be utilized as documentary evidence only for the purposes of these criminal proceedings. This act is requested in this manner as it is necessary to verify in the process form the circumstance of the origin of the check in question, its elements and especially its solvency.**

For completeness, I state a quote of the pertaining Criminal Law provisions of the Czech Republic:

§ 250 of the Criminal Law

**Fraud**

(1) He who to the prejudice of somebody else's property shall enrich himself or another person by misleading somebody, exploiting somebody's mistake or concealing material facts and thus shall inflict on somebody else's property damage not insignificant, shall be awarded a prison sentence in the duration of up to two years or prohibition to undertake professional activities or financial punishment or confiscation of a thing.

(2) The offender shall be awarded a prison sentence in the duration from six months to three years or a financial punishment, should he cause by the act stipulated in Article 1 damage not small.

(3) The offender shall be awarded a prison sentence in the duration from two years to eight years
   a) should he commit the act stipulated in Article 1 as a member of an organized group, or
   b) should he cause by such an act significant damage or any other extremely grave consequence.

(4) The offender shall be awarded a prison sentence in the duration from five to twelve years, should he cause by an act stipulated in Article 1 extensive damage.

§ 8 of the Criminal Law

**Attempted Crime**

(1) The conduct, dangerous for the society, that immediately leads to the completion of a crime and that is performed by the offender with the intention to commit a crime, is attempted crime should the crime not have been completed.

(2) The attempted crime is punishable pursuant to the terms of sentence, established for the completed crime.

(3) The punishability of the attempted crime shall cease, should the offender voluntarily
   a) have refrained from further acts necessary for the completion of a crime and removed the danger which had arisen to the interest, protected by this law, from the performed attempt, or
   b) have reported the attempted crime in the time period when the danger which had arisen to the interest, protected by this law from the performed attempt, could have been removed. The report shall be made to a Prosecuting Attorney or to the police authority; a soldier can make the report to the commander or the chief.

(4) The provision of Article 3 shall not, however, affect the punishability of the offender for another completed crime which he has committed by this act of his.

The amounts, establishing the level of the incurred damage, are stipulated as follows:

### § 89 of the Criminal Law

(1) As crime shall be understood an act, punishable by the Court, and should it not arise otherwise from an individual provision, preparation for a crime, attempted crime, organizing, abetting and aiding.

(2) As an act shall be understood an omission of an act which the offender was obliged to perform under the circumstances and his situation.

(3) As continuation of a crime shall be understood such a conduct, whose individual partial assaults, performed with a uniform intent, fulfill the same facts of a crime, are connected with the same or similar manner of performing and with a close relation in time and in the subject of the attack.

(4) A crime is committed publicly, should it be committed
   a) by the contents of a printed matter or circulated file, film, radio, television or in a similarly effective way, or
   b) before two or more persons simultaneously present.

(5) A crime is committed with a weapon, should the offender or any of his accomplices with the offender's awareness utilize the weapon for an assault, to overcome or prevent defense or should he have it on himself for this purpose; as a weapon shall be understood anything that can be utilized to perform the assault against the body more powerfully, should it not arise otherwise from an individual provision.

(6) A crime is committed violently also when it is committed on a person who was misled by the offender into the state of defenselessness.

(7) As a grave bodily harm shall be understood only a serious damage to health or a serious illness. Under these conditions, a grave bodily harm includes

   a) maiming,
   b) loss or substantial decrease in working capability,
   c) paralyzation of a limb,
   d) loss or a substantial weakening of the function of sense organs,
   e) damage to an important organ,
   f) disfiguring,
   g) inducing miscarriage or killing the fetus,
   h) excruciating torment, or
   i) long term health problems.

(8) As next of kin is understood a relative in the direct line of descent, adoptive parent, adoptive child, sibling and husband/wife; other persons in the family relationship or a similar relationship shall be understood as next of kin only should the harm, suffered by one of them, be rightfully felt by the other person as his/her own harm.

(9) A public official is an elected official or another responsible employee of a body of the state administration and self-administration, court or another state authority or a member of armed forces or of a security force, court executor when performing execution activity, compiling execution records and during activities, performed on the basis of court's authorization pursuant to a special legal regulation, 1a) should he participate in performing the tasks of the society and state and utilizes, when doing so, the powers vested to him within the responsibilities for performing such tasks. When performing the authorizations and powers pursuant to special legal regulations 1), a public official shall also be a physical person who was appointed to be a forest guard, water guard, nature guard, gamekeeper guard or fishing guard. For criminal responsibility and protection of a public official pursuant to the individual provisions of this Act it shall be required that the criminal offence be committed in connection with his powers and responsibility. An official or another responsible employee of a state authority, self-administration, armed forces or armed troops of a foreign state shall be considered to be a public official under these conditions should it be stipulated in a promulgated international treaty by which the Czech Republic is bound.

(10) As an addictive substance shall be understood alcohol, narcotic substances, psychotropic substances and other substances, capable of negatively affecting the psychics of a person or his distinguishing abilities or social behavior.

(11) **As damage not insignificant shall be understood the damage reaching the amount of minimally 5,000 CZK (Czech crowns), as damage not small shall be understood the damage reaching the amount of minimally 25,000 CZK (Czech crowns), as a larger scope of damage shall be understood the damage reaching the amount of minimally 50,000 CZK (Czech crowns), as substantial damage shall be understood the damage reaching the amount of minimally 500,000 CZK (Czech crowns), as extensive damage shall be understood the damage reaching the amount of minimally 5,000,000 CZK (Czech crowns). These amounts shall be utilized similarly for determining the amount of enrichment, costs related to eliminating the consequences of environmental damage and the value of a thing.**

(12) When determining the amount of damage, the evaluation is based on the price, for which the thing which was the subject of the attack is usually sold at the time and in the place of the crime. Should it not be possible to determine the amount of damage in this manner, the amount shall be determined from expenses, necessary for obtaining the same or similar thing or for reinstating the thing to the previous status.

(13) As a thing shall also be understood a controllable nature element. The provisions on things shall cover securities too.

(14) As burglary shall be understood breaking into closed premises by trick, unlawful overcoming of a locked space or by overcoming another securing obstacle when utilizing force.

(15) When this Act connects with the expiration of a certain time an effect, this time shall not include the day when the event, determining its beginning, occurred.

(16) For the purposes of the Criminal Law, as an organization shall also be considered a physical person who runs business pursuant to a special law.

(17) Criminal conspiracy is a community of more persons with an internal organizational structure, where the positions and activities are determined, which is focused on continuous commitment of willful criminal activity.

(18) To mislead somebody or to utilize somebody's mistake can also be done by intervening into the program system of a computer or by performing another operation in the computer, by intervening into an electronic or another technical device, including the intervention into the objects, designated for controlling such a device, equipped with a microchip, magnetic, optical or other special record, and/or by utilizing such an operation or such an intervention, performed by another person.

§ 67 of the Criminal Law

**Statutory Bar on Criminal Prosecution**

(1) The punishability of an act shall become extinct after the expiration of the period of limitation, which is
   a) twenty years for a criminal offence, for which this Act, in its special part, allows an exceptional sentence, and for a criminal offence committed during the working out or approval of a privatization project pursuant to Act No. 92/1991 Coll., on the conditions of transferring the state property to other persons, as amended,
   b) twelve years, should the upper limit of the duration of the sentence be minimally ten years,
   c) five years, should the upper limit of the duration of the sentence be minimally three years,
   d) three years for other criminal acts.

(2) The period of limitation shall not include
   a) the period during which it was impossible to bring the offender before court due to a legal impediment,
   b) the period during which the offender resided abroad,
   c) the trial period of the conditional discontinuance of criminal prosecution.

(3) Statutory bar on criminal prosecution shall be interrupted
   a) by the notification of accusation of the criminal act for which the statutory bar is concerned, as well as by the following acts of police authority, investigator, Prosecuting Attorney or court working towards the criminal prosecution of the offender, or
   b) should the offender have committed a new criminal offence in the period of limitation, for which this Act stipulates the same or more severe punishment.

(4) The interruption of statutory bar shall commence a new period of limitation.

**So far, there has been no statutory bar on the delinquency conduct in this case.**

Requesting information and materials that are subject to bank secret is regulated in the Czech Republic as follows:

### § 8 of the Rules of Criminal Procedure

(1) State authorities, legal and physical entities are obliged, without unnecessarily delay and should it not be stipulated otherwise by a special regulation, and also free of charge, to comply with the requests of the authorities, active in criminal proceedings, submitted when performing their tasks. The state authorities are furthermore obliged to notify the Prosecuting Attorney or the police authorities, without any delay, of the facts indicating that a criminal offence has been committed.

(2) **Should it be necessary in criminal proceedings for the due clarification of circumstances indicating that a criminal offence has been committed or in a trial also for considering the personal situation of the accused, the Prosecuting Attorney and, after submission of an indictment or a motion for punishment, the judge presiding over the case can request the information that is subject to <u>bank secret</u>, and data from the register of securities. In the proceedings concerning a criminal offence pursuant to § 178 of the Criminal Law, an authority active in criminal proceedings can request individual data obtained pursuant to a special act for statistical purposes. The conditions, under which an authority active in criminal proceedings can request the data, obtained during tax administration, are stipulated in a special act. The data obtained pursuant to this provision must not be utilized for a different purpose than for the criminal proceedings for which they had been requested.**

(3) For the purposes, stated in Article 2, the Prosecuting Attorney and, after submission of an indictment or a motion for punishment, the judge presiding over the case can order the surveillance of a bank account or an account at the Securities Center, maximally for the period of six months. Should the purpose, for which the surveillance of an account was demanded, continue even after this time period, this surveillance can be prolonged on the basis of an order of the authority before which the proceedings are being performed at this time, by another six months, this can be done repeatedly. The data obtained pursuant to this provision must not be utilized for a different purpose than for the criminal proceedings for which they had been requested.

(4) The fulfillment of the duties pursuant to Article 1 can be refused with reference to the duty to maintain in secret classified facts, protected by a special act, or to the duty not to disclose imposed and recognized by the state; this shall not be applied
   a) should the person who has such duties expose himself to the danger of criminal prosecution for the failure to report and prevent a criminal offence, or
   b) when complying with the request of an authority active in criminal proceedings concerning a criminal offence, when the person requested is simultaneously the person, reporting the criminal offence.
   Pursuant to this act, as the duty not to disclose recognized by the state shall not be considered such a duty, the extent of which is not determined by the law but results from the judicial act made on the basis of the law.

(5) Should a special act not stipulate the conditions, under which it can be possible to disclose for the purposes of criminal proceedings such facts that are pursuant to such an act

classified or are covered by the duty not to disclose, these facts can be requested for the criminal proceedings after a prior approval of the judge. This shall not affect the duty not to disclose of an attorney-at-law pursuant to the Act on the Bar.

(6) The provisions of Articles 1 and 5 shall not affect the duty not to disclose, imposed on the basis of a promulgated international treaty by which the Czech Republic is bound.

In this case, the indictment has not been submitted yet, the investigation is currently being performed.

§ 160 of Rules of Criminal Procedure

**Commencement of Criminal Prosecution**

(1) Should the ascertained and justified facts, investigated pursuant to § 158 of the Rules of Criminal Procedure, indicate that a criminal offence was committed and should there be a sufficiently justified reason that it was committed by a certain person, a police authority shall decide without any delay about the commencement of criminal prosecution of this person as the accused, should there be no reasons to proceed pursuant to § 159a, Articles 2 and 3 or to § 159b, Article 1. The statement contained in the resolution on the commencement of criminal prosecution must contain the description of the act of which this person is accused so that it could not be mistaken for another one, the legal description of the criminal offence which is seen in this act; the accused must be described in the resolution on the commencement of criminal prosecution with the same data that must be stated about the person of the accused in the verdict (§ 120 Article 2). In the justification of the resolution it is necessary to accurately describe the facts that justify the conclusion about the grounds for criminal prosecution.

(2) The copy of the resolution on the commencement of criminal prosecution shall be delivered to the accused person not later than at the beginning of the first investigation and not later than in 48 hours to the Prosecuting Attorney and the defense counsel; the time period commences to run for the defense counsel from his appointment or designation.

(3) The police authority shall perform the necessary exigent or unrepeatable acts and shall commence criminal prosecution should it not be possible for the relevant authority to perform such acts, and not later than in three days from their performance the police authority shall transfer the case to this authority which will continue the proceedings.

(4) As an exigent act shall be understood such an act which with respect to the danger of its obstruction, destruction or loss of evidence must not be postponed for the purposes of criminal proceedings for the time before the commencement of criminal prosecution. As an unrepeatable act shall be understood such an act which shall not be possible to perform before the court. In the record on performing an exigent or unrepeatable act it must always be stated under which circumstances the act was considered to be exigent or unrepeatable.

(5) Should it come out during the investigation that the accused committed another act which is not stated in the resolution on the commencement of criminal prosecution, it shall be proceeded regarding this act in the manner stated in Articles 1 and 2.

(6) Should it come out during the investigation that the act for which the criminal prosecution was commenced is a criminal offence different from the legal evaluation in the resolution on the commencement of criminal prosecution, the police authority shall notify the accused person and shall enter it in the record.

(7) A complaint is admissible to be filed against the commencement of criminal prosecution.

To speed up the mutual communication I state the address, telephone and fax numbers for the Metropolitan Prosecuting Attorney's Office: Městské státní zastupitelství v Praze, Náměstí 14. října 2188/9, 150 00 Praha 5, Czech Republic, telephone: +420 257 111 611, fax: +420 257 111 682.

I conclusion I would like to express my thanks for complying with this request for legal assistance.

**JUDr. Marcela Kratochvílová**

first deputy
of the Metropolitan Prosecuting Attorney

signature: signature illegible

round official seal: Metropolitan Prosecuting Attorney's Office in Prague

**Translator´s clause:**

I, the undersigned English language interpreter of the Municipal Court in Prague, appointed under the number 603/97 in Hradec Králové, do hereby certify that this is a true and faithful translation of the document attached hereto.

The translation is registered in my translator´s journal under the number 348/2005.

In Prague, on October 5, 2005

Mgr. Veronika Čihulková
court interpreter
Táborská 1140/39
140 00 Praha

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM CZECH REPUBLIC )
IN THE MATTER OF ) Misc No. 06-
NESTERA, ET AL )

### ORDER

Upon application of the United States of America; and upon examination of a letter of request from the Czech Republic whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Czech Republic and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Czech authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in the Czech Republic, which procedures may be specified in the request or provided by the Czech authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Czech authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

    Dated: This _____ day of _____, 2006.

_____
United States District Court Judge